IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


STEPHEN P. ARNOT, Chapter 7 Trustee,

             Plaintiff,

     v.

JOSHUA R. CHENEY; RECON TRUST
COMPANY, N.A., and THE BANK OF NEW
YORK MELLON,

             Defendants.

Case No. 3:15-cv-01503-SB

**FINDINGS AND
RECOMMENDATION**

---

**BECKERMAN, Magistrate Judge.**

       Stephen P. Arnot ("Arnot"), a Chapter 7 trustee, filed a Complaint in the Multnomah County

Circuit Court for the State of Oregon against Joshua R. Cheney ("Cheney"), Recon Trust Company,

N.A. ("Recon Trust"), and The Bank of New York Mellon ("BNY Mellon"),[1] alleging that the Mortgage Electronic Registration System ("MERS") had no authority to appoint Recon Trust as successor trustee, such that the foreclosure sale conducted by Recon Trust was invalid, as was the subsequent sale to Cheney. (Compl. ¶¶ 19-25.)

Following Defendant Cheney's dismissal from the state court case, Defendants Recon Trust and BNY Mellon removed the action to this Court. Arnot filed a Motion for Order Remanding Case to State Court and For Judicial Notice of Procedural Facts. Oral argument was heard on October 8, 2015. For the reasons that follow, the district judge should grant Arnot's motion to remand.

## I. FACTS AND PROCEDURAL HISTORY

Helen and Clifford Croskrey (collectively "Croskreys") filed a Chapter 7 bankruptcy case on December 5, 2011, in the U.S. Bankruptcy Court, District of Oregon ("bankruptcy court"). (Compl. ¶ 1.) On the same day, the bankruptcy court appointed Arnot as Chapter 7 trustee for the debtor's bankruptcy estate. (Compl. ¶ 2.) The case was closed on March 7, 2012, but the United States Trustee moved to reopen the case on March 2, 2015, so that a Chapter 7 trustee could be appointed to administer a newly discovered asset. *See In re Clifford Stanley Croskrey and Helen Rae Croskrey*, No. 11-40303-rld7 (Bankr. D. Or. March 2, 2015) (Motion to Reopen Chapter 7 (ECF No. 16)). On March 3, 2015, the bankruptcy court reopened the case, and reappointed Arnot as the trustee for the bankruptcy estate. (Compl. ¶ 3.)

On March 5, 2015, Arnot initiated an adversary case in the bankruptcy court (Adversary Proceeding No. 15-03035-rld). In his Complaint, Arnot alleged that MERS had no authority to

---

[1] Arnot named the Bank of New York Mellon as a defendant, but Defendants assert Arnot should have named The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative loan Trust 2006-OA17, Mortgage Pass-Through Certificates, Series 2006-OA17.

appoint Recon Trust as the successor trustee, such that the foreclosure sale Recon Trust conducted was invalid, as was the subsequent sale to Cheney. (James P. Laurick Decl. Ex. 1 ¶¶ 22-28 (hereinafter "Adversary Complaint"), Sept. 4, 2015.) Arnot sought a judicial declaration that the foreclosure, the trustee's deed to BNY Mellon, and the sale to Cheney are void. (Adversary Compl. ¶ 30.) He also sought compensatory and punitive damages for alleged trespass since February 12, 2010, the date upon which Croskreys were allegedly deprived of exclusive possession of their property. (Adversary Compl. ¶¶ 32-39.) Finally, Arnot raised a claim for "invalid claim of encumbrance" based on the recording of allegedly invalid documents. (Adversary Compl. ¶¶ 41-42.)

Defendants Recon Trust and BNY Mellon filed a motion to dismiss the adversary proceeding. *See In re Clifford Stanley Croskrey and Helen Rae Croskrey*, No. 15-3035-rld7 (Bankr. D. Or. April 22, 2015) (Motion to Dismiss (ECF No. 16)). Two days later, Cheney filed a separate motion to dismiss. *Id*. (Motion to Dismiss Adversary Proceeding (ECF No. 18)). Arnot voluntarily dismissed the adversary proceeding on April 28, 2015. *Id*. (First Amended Notice of Dismissal (ECF No. 21)). On May 13, 2015, Arnot filed the present action in Multnomah County Circuit Court. The complaint in the state court action is almost identical to the complaint filed in the adversary proceeding.

On June 4, 2015, Cheney removed the state court action to bankruptcy court, on the ground that the action was directly related to the bankruptcy case because the outcome of the case would impact the administration of the bankruptcy estate, such that jurisdiction existed under 28 U.S.C. §§ 157(a) and 1334(b). (Carrie Evans Decl. Ex. 1, Aug. 24, 2015.)[2] On June 18, 2015, Arnot filed

---

[2] Arnot requests that the Court take judicial notice of the entries in the PACER docket for the adversary proceeding, attached to Carrie Evan's Declaration as Exhibit 1. *See* FED. R. EVID. 201 (facts not reasonably subject to dispute). The Court shall take judicial notice of these documents as they are matters of public record. *United States v. 14.02 Acres of Land More or Less in Fresno*

a Motion for Order Finding Defendants' Attempted Removal Void or for Remand. (Laurick Decl. Ex. 3.) The bankruptcy court held a hearing on June 23, 2015. (Evans Decl. Ex. 1 at 3.) At the hearing, the bankruptcy judge indicated that he was inclined to remand the case to state court, but also discussed a possible settlement of the claims against Cheney. (Evans Decl. Ex. 5 at 4.)

On July 6, 2015, Arnot's counsel sent a letter to the bankruptcy judge (copied to counsel for Recon Trust and BNY Mellon), advising that Arnot would dismiss his claims against Cheney. (Evans Decl. Ex. 6.) The same day, Arnot dismissed Cheney, leaving only Recon Trust and BNY Mellon as defendants. (Laurick Decl. Ex. 4.) The next day (July 7, 2015), Defendants Recon Trust and BNY Mellon filed a response to Arnot's motion to remand requesting that the bankruptcy court transfer the state court action to this Court, on the ground that this Court has diversity jurisdiction in light of the dismissal of Cheney, the only non-diverse defendant. (Laurick Decl. Ex. 5.) On July 29, 2015, the bankruptcy court remanded the case to state court. (Laurick Decl. Ex. 6.) On August 10, 2015, Defendants Recon Trust and BNY Mellon removed the case to this Court, on the basis of diversity jurisdiction.

## II. LEGAL STANDARD

The nature of federal courts' limited jurisdiction directs that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore–Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted); *see also Lanza v. Ashcroft,* 389 F.3d 917, 930 (9th Cir. 2004) ("There is a general presumption against federal court review, and the burden of establishing the contrary rests on the

_____

*County*, 547 F.3d 943, 955 (9th Cir. 2008).

party asserting jurisdiction."). This includes the burden of demonstrating compliance with the procedural requirements for removal. *Riggs v. Plaid Pantries, Inc.,* 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citation omitted). Thus, "Section 1446(b)'s 'time limit is mandatory [such that] a timely objection to a late petition will defeat removal. . . .'" *Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136, 1142 (9th Cir. 2013).

### III. DISCUSSION

Arnot seeks an order pursuant to 28 U.S.C. § 1447(c) remanding this case to state court, on the ground that Defendants Recon Trust and BNY Mellon's removal was untimely, because 28 U.S.C. § 1446(b) requires defendants to remove this case within thirty days of service, and the exception at § 1446(b)(3) does not apply here. Alternatively, Arnot seeks an equitable remand pursuant to 28 U.S.C. § 1452(b).

### A.    Removal under 28 U.S.C. § 1446(b)

Defendants Recon Trust and BNY Mellon removed this case from Multnomah County Circuit Court pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a), claiming that removal was timely under 28 U.S.C. § 1443(b)(3). (Removal Notice 4.) Arnot argues § 1446(b)(3) does not apply here and that, even if it applies, removal was nevertheless untimely. (Pl.'s Mot. Remand 3-4.)

The removal of cases from state to federal court is governed by 28 U.S.C. § 1441. Generally, a defendant may remove a case to federal court if the federal court would have subject matter jurisdiction over one or more of the plaintiff's claims, pursuant to 28 U.S.C. § 1331 (federal question) or § 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). Removal procedure is governed by 28 U.S.C. § 1446(b), which sets forth two thirty-day periods for removing a case. Section 1446(b)(1) permits a defendant to remove a case within thirty days of being served with an

"initial pleading" that is removable. Section 1446(b)(3), by contrast, applies when "the case stated by the initial pleading is not removable." If the case stated by the initial pleading is not removable, Section 1446(b)(3) permits a defendant to remove an action within thirty days after being served with an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Although this statutory time limit for removal petitions is not jurisdictional, it is mandatory, and a timely objection to late removal will defeat the removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-13 (9th Cir. 1980) (holding that a timely objection to a late petition will defeat removal).

Following removal to federal court, the plaintiff may seek to remand the case to state court, if the district court lacks subject matter jurisdiction over the action or if there is any defect in the defendant's fulfillment of procedural requirements. *See* 28 U.S.C. § 1447(c). If the notice of removal is untimely, a plaintiff may move to remand the case back to state court. 28 U.S.C. § 1446(c). The removal statutes are generally construed restrictively, so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.").

The parties dispute whether the initial pleading was removable. Arnot argues that the complaint filed in state court was immediately removable as demonstrated by the fact that Cheney timely removed the case to the bankruptcy court. Arnot also contends that it is apparent from the complaint that the state court case was removable on the ground it is "related to" the Croskreys' bankruptcy estate. (Pl.'s Reply 2.) Specifically, in the caption of the state court complaint, Arnot is

Page 6 - FINDINGS AND RECOMMENDATION

identified as "Chapter 7 Trustee." (Notice of Removal Ex. 3.) Additionally, the state court complaint alleges:

1.  On December 5, 2011, Helen R. Croskrey (the "Debtor") and Clifford Stanley Croskrey filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Oregon under Chapter 7 of the Bankruptcy Code.

2.  On December 5, 2011, the bankruptcy court appointed Arnot as Chapter 7 trustee for the debtor's bankruptcy estate.

3.  On March 7, 2012, the bankruptcy case was closed, but was reopened on March 3, 2015, and Arnot was reappointed trustee and is presently the duly-qualified trustee for the bankruptcy estate.

(Notice of Removal Ex. 3 ¶¶ 1-3.) As a result, Arnot argues that the initial pleading was removable pursuant to 28 U.S.C. § 1334(b).

In response, Defendants Recon Trust and BNY Mellon rely on the Ninth Circuit's decision in *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), and argue that there "was no basis . . . to believe that the case was removable to federal court," and they had no duty to investigate whether the case was removable. (Def.'s Opp. 4.) In *Harris*, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiries." *Id*. at 694. The court noted that "the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal," and "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Id*. Further, if the initial pleading does not indicate the basis for removal, "the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id*. (emphasis added). The *Harris*

Page 7 - FINDINGS AND RECOMMENDATION

court adopted this "bright-line approach" because "objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading" and to avoid "inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id*. at 697.

Unlike *Harris*, the removability of this case was apparent in the initial pleading. In fact, Cheney removed the state court action to federal court pursuant to 28 U.S.C. §§ 157(a) and 1334(b), based on the information set forth in the original complaint. Section 1334(b) establishes jurisdiction over bankruptcy matters in federal district courts, and provides in relevant part:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).[3] The Ninth Circuit has interpreted "related to cases under title 11" to mean "where the cause of action is between third parties, the test for 'whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Vacation Village, Inc. v. Clark County Nev.*, 497 F.3d 902, 911 (9th Cir. 2007) (quoting *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled in part by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)); *Sasson v. Sokoloff*, 424 F.3d 864, 868-69 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, 'including

---

[3] Congress also authorized each district court to refer such proceedings to a bankruptcy judge. 28 U.S.C. § 157(a). This statute provides in pertinent part:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

nearly every matter directly or indirectly related to the bankruptcy.'" (quoting *Mann v. Alexander Dawson*, 907 F.2d 923, 926 n.4 (9th Cir. 1990))

Here, the civil claims alleged in the state action are related to the Croskreys' bankruptcy case. There is no dispute that the state court complaint was a "virtual copy" of the adversary complaint filed in the bankruptcy court, and later dismissed. (Def.'s Opp. 2.) Although Defendants Recon Trust and BNY Mellon are not the parties that removed the state action to the bankruptcy court, they stipulated to the removal "as requested by Defendant Joshua R. Cheney." (Evans Decl. Ex. 3 at 2.) In that Notice of Removal, Cheney asserted that jurisdiction existed under 28 U.S.C. § 1334(b), because the state action "is related to the Bankruptcy Case." (Evans Decl. Ex. 2 at 5; *see also* Evans Decl. Ex. 4 at 3 (explaining that if Arnot prevails in this litigation, additional funds will be available to the Croskreys' bankruptcy estate).)

Defendants Recon Trust and BNY Mellon counter that "just because the case was removed does not mean it was removable." (Def.'s Opp. 3-4.) Specifically, Defendants Recon Trust and BNY Mellon point out that Arnot challenged the initial removal to bankruptcy court, and the bankruptcy court remanded the case back to state court. (Def.'s Opp. 4 (arguing that the bankruptcy judge "agreed that the case should not have been removed and remanded the case.").) However, Arnot did not argue that the case was not removable. Rather, Arnot opposed Cheney's removal on the ground it was procedurally defective because Cheney was required to file the notice of removal in federal district court, not in the bankruptcy court. (Evans Decl. Ex. 4 at 2.) Arnot expressly acknowledged in his motion to remand that "the bankruptcy court has 'related to' jurisdiction over this proceeding under 28 U.S.C. § 1334(b)." (Evans Decl. Ex. 4 at 3.) Alternatively, Arnot sought remand on equitable grounds. (Evans Decl. Ex. 2 at 6-9.) Similarly, the bankruptcy judge did not remand the

case on the ground that there was no jurisdiction in the bankruptcy court. (*See* Evans Decl. Ex. 9 at 2 ("This court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334(b).").) Rather, the judge remanded the case to state court based on equitable considerations. (Evans Decl. Ex. 9 at 2 ("The absence of any bankruptcy law issues, and the fact that only state-law issues are involved, support remand, as discussed on the record at the hearing.").) The Court finds that this case was initially removable pursuant to 28 U.S.C. §§ 157(a) and 1334(b), based on information set forth in the original complaint.

Nevertheless, following the bankruptcy court's remand, a new basis had arisen for removal: diversity jurisdiction. Thus, the next question for the Court is whether this second basis for federal court jurisdiction entitled Defendants Recon Trust and BYN Mellon to a new thirty-day period for removal under 28 U.S.C. § 1446(b)(3). In light of the Ninth Circuit's decision in *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1253 (9th Cir. 2006), and its progeny, this Court holds that where a case is initially removable, a subsequent disclosure that a case is also removable on diversity grounds does not start a new thirty-day clock.

The plaintiff in *Durham* sued Lockheed Martin in state court. *Id*. at 1249. The initial complaint made the case eligible for removal on federal enclave grounds, but Lockheed Martin did not remove the case at that time. *Id*. Durham's answers to the defendant's interrogatories, however, revealed that the case was also removable on federal officer grounds under section 1442(a)(1). *Id*. Lockheed Martin removed the case to federal court within thirty days of discovering this new basis for removal, but more than thirty days after the initial basis for removal had been disclosed. *Id*. Under those circumstances, the Ninth Circuit considered whether Lockheed was "entitled to a new

thirty-day period to remove" when it discovered a basis for federal jurisdiction under section 1442(a)(1), or whether removal was untimely based on the date of the initial complaint. *Id*. at 1250.

The Ninth Circuit recognized that "there are two plausible ways to construe" the term "removable" in section 1446. The first is to interpret "removable" as "binary – either there's some basis for removal, or there's not . . . . The second way to interpret 'removable' is to look to each ground for removal separately. Under this reading, a case does not become removable until the particular basis on which removal is sought becomes apparent from the record." *Id* at 1252. The Court held that construction of the term "removable" depends on the ground for removal:

> When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking. If the defendant can't convince his co-defendants to remove, he's stuck in state court, and later disclosure that the case is also removable on another ground under section 1441 doesn't help bring him into federal court.

> But where the timeliness of a federal officer's removal is at issue, we extend section 1442's liberal interpretation to section 1446. As far as the federal officer is concerned, the case isn't 'removable' until the federal officer ground for removal is disclosed—otherwise, a single holdout defendant or a wily plaintiff can defeat the federal government's interest in providing a federal forum for its agents. We therefore hold that a federal officer defendant's thirty days to remove commence when the plaintiff discloses sufficient facts for federal officer removal, even if the officer was previously aware of a different basis for removal.

*Id.* at 1253; *see also id.* at 1242 (examining the history of the federal officer removal statute and concluding that "[w]e take from this history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal"). Thus, with the exception of the federal officer removal statute, the Ninth Circuit held in *Durham* that a case is "removable" once the defendant has enough facts to remove on any basis, and "later disclosure that the case is also removable on another ground under section 1441 doesn't help bring him into federal court." *Id.* at 1253.

Page 11 - FINDINGS AND RECOMMENDATION

Following its decision in *Durham,* the Ninth Circuit extended its approach in "federal officer removal" cases, to cases removed under the Class Action Fairness Act ("CAFA"). *See Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178 (9th Cir. 2015). In *Jordan*, the Ninth Circuit held that "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction." *Id*. at 1180. In so holding, the Ninth Circuit created a second exception to the strict construction of removal statutes. *Id*. at 1183 ("[T]he Supreme Court left no doubt 'that no antiremoval presumption attends cases involving CAFA.'" (*quoting Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).)

Section 1446(b)(3) creates a new thirty-day window to remove a case to federal court, but only where "the case stated by the initial pleading is not removable." Here, the case stated by the initial pleading *was* removable. In cases involving the federal officer removal statute or CAFA, the Ninth Circuit has held that a new thirty-day window opens when those grounds for removability arise, even if an alternative ground for removal was evident from the initial pleading. However, the Ninth Circuit has not recognized an exception in cases–like this case–where the new ground for removal is diversity jurisdiction. On the contrary, the Ninth Circuit has been very clear that the presumption under Section 1441 is *against* removal, and that any doubts are resolved in favor of remand. *See Durham*, 445 F.3d at 1253 ("[L]ater disclosure that the case is also removable on another ground under section 1441 doesn't help bring [defendant] into federal court."); *accord Eminence Investors, L.L.L.P. v. Bank of New York Mello*, 24 F. Supp. 3d 968, 979 (E.D. Cal. 2014) (recognizing that the later disclosure exception in *Durham* "is limited to its unique facts, and more

importantly, to the law's unique treatment of federal officer claims and the special deference to federal jurisdiction mandated in such cases").

In light of *Durham*, and the plain language of § 1446(b)(1), the thirty-day removal clock began when Defendants received the initial pleading. *See Durham*, 445 F.3d at 1253 ("When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking."). The state court complaint revealed that the case was removable to federal court, because it was related to the bankruptcy action. Although the case was removed and subsequently remanded by the bankruptcy court on equitable grounds, the original thirty-day clock had expired and it was too late for Defendants Recon Trust and BYN Mellon to remove the case again. *See Durham*, 445 F.3d at 1253 (acknowledging general rule that when a defendant receives facts showing that case is removable, the thirty-day period for removal begins and later disclosure of removability on other grounds does not restart the removal clock). Accordingly, Defendants' removal to this Court on August 10, 2015, was untimely, and this action should be remanded to state court pursuant to 28 U.S.C. § 1447(c).

**B      Remand under 28 U.S.C. § 1452(b)**

Alternatively, Arnot seeks an equitable remand pursuant to 28 U.S.C. § 1452(b), on the ground that all of the claims at issue in these proceedings are related to the Croskreys' Chapter 7 bankruptcy case. Based on the foregoing, the Court does not reach Arnot's alternative basis for remand.

/////

/////

/////

Page 13 - FINDINGS AND RECOMMENDATION

## IV. CONCLUSION

For the reasons set forth above, the district judge should GRANT Arnot's Motion for Order Remanding Case to State Court and For Judicial Notice of Procedural Facts (ECF No. 7), and REMAND this case to the Multnomah County Circuit Court.

## V. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 24th day of December 2015.

_____
STACIE F. BECKERMAN
United States Magistrate Judge